ALLAN D. KEYES ET AL. *v.* DOUGLAS W. BROWN ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued June 13—decided July 26, 1967

*Stephen P. Sachner,* with whom, on the brief, was *L. Stewart Bohan,* for the appellants (defendants).

*Joseph Neiman,* for the appellees (plaintiffs).

THIM, J. The plaintiffs instituted this action in the Circuit Court, seeking damages for alleged fraudulent representations relied on by them in entering into a retail instalment contract, and the rescission of the contract on the alleged ground that the contract violated § 42-84 of chapter 733 of the General Statutes, the pertinent provisions of which appear in the footnote.[1] The defendants in their

---

[1] "Sec. 42-84. GENERAL CONTRACT REQUIREMENTS. (a) Every retail instalment contract shall be in writing, shall contain all the agreements of the parties and shall be completed as to all essential provisions prior to the signing of the contract by the retail buyer. No instalment contract shall be signed by the retail buyer when such contract contains blank spaces to be filled in except that this provision shall not apply to serial number or other identifying marks which are not available for description at the time of execution of such contract. The retail seller shall deliver to the retail buyer a true and complete executed copy of the retail instalment contract at the time the retail buyer signs such contract. (b) The retail instalment contract shall recite the following separate items as such: (1) The cash price of the goods which is the subject matter of the

answer deny the allegations of fraud and noncompliance with the statute. In addition, the defendant Thurston Foods, Inc., hereinafter referred to as Thurston, counterclaimed to recover the balance due under the contract. The trial court found the issues for the defendants on the complaint and for Thurston on the counterclaim. The plaintiffs appealed. The Appellate Division reversed the trial court, holding that the plaintiffs were entitled to rescind the contract. The case was remanded with direction to render judgment for the plaintiffs on the issue of rescission and on the counterclaim. The defendants petitioned for certification, which we granted.

The finding of the trial court as corrected by the Appellate Division reveals these facts: On March 11, 1963, the defendant Douglas W. Brown, a salesman for Thurston, negotiated the sale of a freezer and a frozen food plan with the plaintiffs at their home in Enfield. The plaintiffs signed a retail instalment contract. The contract was not dated. It did not contain the model and the serial number of the freezer, and the dates when payments were to

retail instalment contract; (2) the amount in cash of the retail buyer's down payment, whether made in money or goods, or partly in money and partly in goods; (3) the unpaid balance of the cash price, which is the difference between items (1) and (2); (4) the cost to the retail buyer of any insurance and other benefits to be procured, specifying the types of coverage and benefits; (5) the filing fee, as defined in this chapter; (6) the principal balance, which is the sum of items (3), (4) and (5); (7) the amount of the finance charge; (8) the time balance owed by the retail buyer to the retail seller and the number of instalment payments required and the amount and date of each payment necessary finally to pay the time balance, which is the sum of items (6) and (7), except that the date of such payments may be expressed as a specific period after delivery of the goods if delivery of the goods is not being made at the time of the execution of the contract; (9) the time sale price, which is the sum of items (1), (4), (5) and (7). . . ."

be made were not set forth in the contract. In addition, Brown failed to give a copy of the contract to the plaintiffs. On March 25, 1963, after the First New Haven National Bank had approved the plaintiffs' credit standing, Thurston completed the contract. The model and the serial number of the freezer were entered, and the schedule of the payments, which the plaintiffs were to make, was inserted. The contract was dated March 25, 1963. The plaintiffs were not present when the contract was completed. The contract was then assigned to the First New Haven National Bank, and a copy of the contract was mailed to the plaintiffs.

After making three payments pursuant to the contract, the plaintiffs refused to make further payment on the grounds that the frozen food plan was not as represented, that the freezer was defective, that certain services were not furnished, that certain charges in the contract were never agreed to, and that § 42-84 of the General Statutes had not been complied with. The bank reassigned the contract to Thurston and has no further interest in this litigation.

From these facts, the trial court concluded that the plaintiffs were not induced to purchase the freezer by any fraudulent representations made by the defendants; that the contract came into existence on March 25, 1963; that, although the original papers signed on March 11, 1963, may have had statutory deficiencies, the acceptance by the plaintiffs of a copy of a properly executed contract on March 25 and the making of the three subsequent payments constituted a waiver of the deficiencies.

In reversing the trial court, the Appellate Division concluded that the insertion of the date in the contract different from the date on which the

plaintiffs signed the contract, along with the failure to state the dates when payments were to be made, and the failure of the defendants to deliver an executed copy of the contract at the time the plaintiffs signed it constituted violations of § 42-84. The Appellate Division further concluded that these violations were not waived and that, under the statute, the plaintiffs were entitled to rescind the contract.

On oral argument before this court, the parties conceded that fraud was no longer an issue in this appeal.

The defendants assert error by the Appellate Division in the alternative. First, they claim that, regardless of any failure on their part to comply with the provisions of § 42-84, the Appellate Division erred in concluding that the provisions of that statute entitled the plaintiffs to rescind the contract; second, that, even if it is assumed that the statute allows retail buyers to rescind such contracts, the Appellate Division erred in concluding that the plaintiffs did not waive any rights they had because of the defendants' noncompliance with the statute. For reasons hereinafter stated, the only issue we resolve is whether the Appellate Division erred in concluding that the buyer under a retail instalment contract may rescind the contract when the seller fails to comply with the requirements of § 42-84. Since this statute does not expressly confer a right of rescission, it is necessary to ascertain whether such a right was intended by the legislature by virtue of the language it used in the statute.

Obviously, the purpose of the contract requirement provisions set forth in § 42-84 is to protect retail buyers of goods from unknowingly assuming

excessive charges by requiring that all charges and terms be fully set forth by the retail seller before the contract is signed by the buyer, and by requiring that the buyer be immediately given a copy of the complete, executed contract. The statute states that the written contract *"shall* be completed as to *all essential provisions* prior to the signing of the contract by the retail buyer. . . . The retail instalment contract *shall* recite . . . the number of instalment payments required and the amount and date of each payment . . . ." (Italics added for emphasis.) The statute also provides that the buyer "shall" be given "a true and complete executed copy of the retail instalment contract at the time the retail buyer signs such contract." On the basis of the plain purpose of the statute and the language used therein, we construe the contract requirement provisions of this statute to be mandatory. See *State ex rel. Eastern Color Printing Co.* v. *Jenks,* 150 Conn. 444, 450, 190 A.2d 591; *Blake* v. *Meyers,* 145 Conn. 612, 616, 145 A.2d 584; see also *Carter* v. *Seaboard Finance Co.,* 33 Cal. 2d 564, 573, 203 P.2d 758. For the protection of the retail buyer, the retail seller must comply strictly with the provisions of this statute. *Stasher* v. *Harger-Haldeman,* 58 Cal. 2d 23, 29, 372 P.2d 649.

Since § 42-84 does not declare whether a retail instalment contract which is not completed in the manner which the statute directs is void, voidable, illegal or valid, we must ascertain the statutory effect intended on such a contract. It is clear that the provisions of the statute are leveled against the retail seller. Because the retail buyer is a member of the class for whose protection the statute was enacted, he is not to be regarded in pari delicto if the retail seller fails to comply with the mandatory

provisions of the statute. *Bratta* v. *Caruso Car Co.,* 166 Cal. App. 2d 661, 664, 333 P.2d 807. In the light of the purpose of the statute and the language used therein, we conclude that a retail instalment contract which is not completed in conformity with the provisions of § 42-84 is voidable at the option of the retail buyer.

Other states have statutes similar to the one under review. Some of these statutes provide the retail buyer with specific remedies, while others, like our own, contain no specific remedy. *General Motors Acceptance Corporation* v. *Kyle,* 54 Cal. 2d 101, 108 n.2, 109 n.4, 351 P.2d 768. Although the language of these statutes differs, the purpose of all of them is the same as ours, namely, the protection of a retail buyer whose obligations to the seller will be continuing under an instalment plan and whose contractual rights will be controlled by an agreement drawn by the seller. Since, under the provisions of § 42-84, a contract which is not completed in compliance with the mandate of the statute is voidable, the retail buyer has the right to rescind the contract. The remedy of rescission need not be expressly granted in order to exist. *Estrada* v. *Alvarez,* 38 Cal. 2d 386, 389, 240 P.2d 278; *Carter* v. *Seaboard Finance Co.,* 33 Cal. 2d 564, 573, 203 P.2d 758. Here, it is implicit in the obvious purpose and the clear language of § 42-84.

To construe § 42-84 as meaning that a retail instalment contract is valid, regardless of the noncompliance with the statute's provisions by the retail seller, would be to declare that compliance with the statute is preferable, but not mandatory. Such a construction would render the statute ineffective and meaningless. Chapter 733 of the General Statutes, considered in its entirety, and espe-

cially in the light of the mandatory language in § 42-84, precludes a conclusion that the penalties of § 42-99 and § 42-100 are the exclusive remedies and, as such, foreclose any civil remedy by way of rescission.[2]

The Appellate Division correctly concluded that a retail buyer is entitled to seek a rescission of a retail instalment contract when the retail seller has not complied with the provisions of § 42-84. It erred, however, in ordering a rescission of the present contract.

As a condition precedent to a rescission, the plaintiffs were required to allege and prove that they had restored or offered to restore Thurston to its former condition as nearly as possible. *Mandeville* v. *Jacobson*, 122 Conn. 429, 433, 189 A. 596; *Loveland* v. *Aymett's Auto Arcade, Inc.*, 121 Conn. 231, 236, 184 A. 376; *Bitondi* v. *Sheketoff*, 91 Conn. 123, 126, 99 A. 505; 5 Corbin, Contracts § 1114. There is nothing in the record which indicates that the plaintiffs alleged, or offered any evidence to prove, that they had satisfied this condition precedent to a right of rescission. Since they have elected to retain the freezer, justice requires that they should be obligated to pay for it. This initial failure on the part of the plaintiffs made any discussion by the Appellate Division of the question of waiver unnecessary. Ibid.

The decision of the trial court reached the right result even though it was based on the wrong grounds. *Powers* v. *Common Council*, 154 Conn. 156, 161, 222 A.2d 337.

---

[2] Section 42-99 bars the seller from recovering finance, delinquency or collection charges if he wilfully violates chapter 733. Section 42-100 prescribes criminal penalties for wilful violations of the chapter.

There is no error in the judgment of the trial court and it is affirmed; the judgment of the Appellate Division is set aside.

In this opinion KING, C. J., HOUSE and RYAN, Js., concurred; ALCORN, J., concurred in the result.