## COLT EMPLOYEES FEDERAL CREDIT UNION *v.*
## ADRIEN J. LAGASSIE ET AL.

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

FILE NO. CV 15-723-19463

Argued September 11—decided December 18, 1973

*William J. St. John, Jr.,* of Waterbury, for the appellant (plaintiff).

*James M. Marinelli,* of New Britain, for the appellees (defendants).

SPONZO, J.  The facts which are the basis of this action, as admitted by demurrer, may be briefly summarized.  The defendant Adrien J. Lagassie on June 20, 1969, applied to the plaintiff credit union for a loan for the purpose of purchasing an automobile.  On June 30, 1969, the plaintiff loaned Adrien $3500, and he executed a promissory note as well as an instalment loan contract entitled "Security Agreement."  Upon default, the plaintiff took possession and sold the 1969 Dodge which Adrien gave as collateral for the repayment of the note.  The plaintiff now claims a deficiency for the

balance due on the note, plus reasonable attorneys' fees. In a second count, the plaintiff alleges that the defendant Verna Lagassie, wife of Adrien, has been unjustly enriched, but does not allege that she is a party to the promissory note or the security agreement.

The defendants have demurred to the first count on the ground that the plaintiff is not entitled to a deficiency judgment since it failed to allege notice of the resale as required under § 42-98 of the General Statutes. At oral argument before this court, the plaintiff conceded that it did not comply with the provisions of that statute but contends that chapter 733 of the General Statutes, on retail instalment sales financing, applies to retail sellers and not to lending institutions such as the plaintiff.

"In testing the allegations against attack by demurrer, we must construe the complaint in the manner most favorable to the pleader." *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 557. The demurrer admits facts well pleaded, although it does not admit legal conclusions. *McAdam* v. *Sheldon,* 153 Conn. 278, 280, 282.

Section 42-83 (f) of the General Statutes reads: " 'Instalment loan contract' means any agreement to repay in instalments the amount loaned or advanced to a retail buyer for the purpose of paying the retail purchase price of goods and by virtue of which a security interest, as defined in section 42a-1-201 (37), is taken in the goods for the payment of the amount loaned or advanced . . . ."

The transaction between the plaintiff and the defendant Adrien is an instalment loan contract as defined by § 42-83 (f). It is (1) an agreement to repay in instalments the amount loaned or advanced, as evidenced by the security agreement, (2) to a retail buyer, (3) for the purpose of paying the retail

price of goods, as admitted in the complaint, and (4) by virtue of which a security interest is taken in the goods for the amount loaned.

While it is true that in many jurisdictions contracts regulated by retail instalment sales acts are limited to contracts between the initial seller and the initial buyer, our act is broad enough to include the transaction described in the subject complaint.

Since this transaction is covered under chapter 733 of the General Statutes, and since the plaintiff failed to allege compliance with § 42-98 relative to repossession and resale of the automobile, it must follow that the plaintiffs' claim for a deficiency judgment must fail and that the defendants are discharged from any obligation.

Obviously, the purpose of chapter 733 is the protection of retail buyers. On the basis of the plain purpose of the statutes and the language used therein, the requirement provisions must be construed to be mandatory. *Keyes* v. *Brown,* 155 Conn. 469, 474.

Since we find no error in the court's decision in sustaining the demurrer to the first count, we deem it unnecessary to comment on the demurrer to the second count.

There is no error.

In this opinion O'BRIEN and CIANO, Js., concurred.