[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (NO. 114)
The plaintiff Michael Pardoti brought this action for damages against the defendant McDermott Hyundai, Inc. for violation of Retail Installment Sales Financing Act, General Statutes 42-83 et seq. (hereafter RISFA) arising out of the repossession of an automobile. The material and relevant facts are not in dispute and this matter is ripe for summary determination as to liability, Nolan v. Borkowski, 206 Conn. 495,500 (1988).
The plaintiff purchased on February 27, 1989 from the defendant a 1989 Hyundai automobile for a total sum of $12,595.60 (including finance charges), gave to the defendant a downpayment of $2,080.00 and agreed to pay the balance at the rate of $175.26 per month commencing on April 1, 1989. Although not material to the determination of this motion, the plaintiff claims he tendered the first payment. The defendant caused the automobile to be repossessed on April 16, 1989, and the only document the defendant delivered to the plaintiff was a notice of repossession sent on April 25, 1989. The repossessed automobile was sold on November 3, 1989.
RISFA is a remedial statute and must be construed liberally in order to implement its consumer protection policies. Barco Auto Leasing Corp. v. House, 202 Conn. 106, 116 (1987). It is designed to protect the consumer from the abuses of repossession and to encourage creditors to comply strictly with the Act. "The buyer's remedy must therefore be implemented in a fashion that will take full account of a governing statute that was purposefully designed to correct the often gross imbalance in bargaining power between a retail seller and a retail buyer. Shirley v. State National Bank of Connecticut, 493 F.2d 739, 742
n. 3 (2d Cir. 1974)" Id. The plaintiff seeks damages based upon three violations of RISFA.
The plaintiff first claims that the defendant failed to furnish him with notices required under RISFA in two respects. Sec. 42-98(c) requires that the holder of the contract[1] "shall within three days of the retaking furnish or mail, by registered or certified mail, to the last known address of the buyer a CT Page 3359 written statement of the unaccelerated sum due under such contract and the actual and reasonable expense of any retaking and storing." In this case, nine days elapsed between the repossession and the time notice was made to the plaintiff.
The defendant was also required to send to the plaintiff a notice of disposition of proceeds after the sale of the repossessed automobile. Sec. 42-98(e) provides, in part, the following: "Within thirty days of the resale, the holder of the contract shall give the retail buyer a written statement itemizing the disposition of the proceeds." The defendant sold the automobile on November 3, 1989 but failed to furnish the plaintiff with a notice of disposition of the proceeds.
These provisions of RISFA which require notice of repossession within three days of taking possession (42-98(c)) and notice of disposition of proceeds within thirty days (42-98(e)) are in furtherance of the purposes of the Act and its language must be construed to be mandatory. Mack Financial Corporation v. Crossley, 209 Conn. 163, 167 (1988); Colt Employees Federal Credit Union v. Lagassie, 30 Conn. Sup. 604, 606 (App.Div. 197 3), cert. denied, 166 Conn. 660 (1974).
The third manner in which the defendant failed to comply with RISFA is also mandatory. Sec. 42-98(d) requires that the repossessed automobile be sold "at public or private sale which sale may be held not less than fifteen days and shall be held not more than one hundred and eighty days after retaking." (emphasis supplied). The defendant sold the automobile on November 3, 1989, a period in excess of 180 days from the date of repossession.
Any one of these violations on the part of the defendant — that is, failure to comply with subsections (c) or (e) of 42-98 — give rise to liability for either actual or statutory damages. "If the holder of the contract fails to comply with the provisions of subsections (c), (d), (e), (f), (g), and (h), after retaking the goods, the retail buyer may recover from the holder of the contract his actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract." General Statutes, 42-98(i).
The defendant argues that because of technical deficiencies in the financing agreement, its lending source required the plaintiff to execute new documents which the plaintiff refused to do and therefore it is not obligated under RISFA. The simple answer to this claim is that the plaintiff was under no obligation to execute a contract which may have satisfied the defendant's lender; his contract was with the defendant not the lending institution. Accordingly the defense has no relevance. CT Page 3360
Based upon the clear violation of RISFA, the plaintiff's motion for summary judgment as to liability is granted and the matter is ordered to be set down for a hearing in damages.
ROBERT I. BERDON, JUDGE
FOOTNOTES