[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTERCLAIM
The counterclaim alleges default on a retail installment contract, repossession of the car and assignment of the contract to the defendant dealer. The plaintiff has moved to strike the counterclaim for failure to give notice of repossession or resale to the plaintiff as required by section 42-98 (c) and (d) of the General Statutes.
The statute does not specifically require the pleading of the notices in section 42-98 in order to recover the balance of a retail installment contract. In Mack Financial Corporation v. Crossley, 209 Conn. 163, it was held that the failure of a creditor to comply with the notice requirement in section 42-98 would defeat an action for a deficiency judgment at trial. While Mack holds that where the contract between the parties referred to section 42-98, proper notice was a prerequisite to the action, Id., 169, it does not hold that notice must be alleged in or attached to the complaint, and the case did not involve a motion to strike.
Whether or not the proper notice was given is a question of fact which cannot be decided on a motion to strike. In ruling on a motion to strike the court is limited to facts alleged in the pleading. King v. Board of Education,195 Conn. 90, 93. Alleged facts and facts necessarily implied from them are accepted as true. Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 37. Evidence outside the pleading, such as a claim that the proper notice was not given, cannot be considered. Tilo Co. v. Fishman, 164 Conn. 212,213; Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-83.
While Colt Employees Federal Credit Union v. Lagassie,30 Conn. Sup. 604, 605, 606 sustained a demurrer in an action for a deficiency judgment for failure to allege compliance with the notice provisions in section 42-98, this court declines to follow that decision (by the Appellate Division of the Court of Common Pleas) because the statute does not require notice to be pleaded and the basis for the decision is unclear from the opinion. Moreover, the court appeared to take a pragmatic approach in upholding the sustaining of the demurrer by the Circuit Court since the plaintiff admitted at oral argument that it did not comply with the statute. Id., 605. The fact that the creditor has the burden of proof on the notice requirement does not mean it has to be pleaded in the complaint. While cases from other states may require a creditor to plead a similar statute in order to recover, it has not been shown that their statutes are the same as section 42-98 or that failure to plead the notice can be raised in a motion equivalent to our motion to strike. Resolution of the notice requirement claim here will have to be decided at a later stage of the case.
The motion to strike the counterclaim is denied.
ROBERT A. FULLER, JUDGE
CT Page 1910