[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO ACCEPT REPORT OF ATTORNEY TRIAL REFEREE
This is a motion to accept the report of Attorney Trial Referee, Thomas A. Bishop, who heard the case between the parties upon reference by the court. An objection to the acceptance of the report of the attorney trial referee has been filed by the defendants.
The defendants have previously filed, in timely fashion, a motion to correct the report of the referee, and the referee has responded to the motion, denying (with the exception of a minor matter) the requested corrections. Therefore, the defendants have successfully navigated the procedural shoals surrounding an attack on an attorney trial referee's report.
Although the defendants raised several issues in their motion to correct the report, the objection to the acceptance of the report raises only one claim, that is, that the attorney trial referee has recommended judgment on a theory of quantum meruit, when the referee's subordinate findings do not legally permit such a result.
The facts may be briefly summarized as follows: The parties entered into a contract in July of 1970, under which the plaintiff agreed to construct a house upon land owned by the defendants for the total sum of $79,740.00. The contract did not provide for progress payments, but the defendants nonetheless paid to the plaintiff the sum of $38,000.00 between July, 1990 and October 26, 1990. The relationship between the parties became strained, and with the intervention of the mortgage loan officer from the bank providing construction financing for this project, an agreement was reached on October 30, 1990 providing for a payment schedule contemplating defendants making payments of $10,000.00 upon completion of each of three specific "milestones." The October 30 agreement reduced the scope of the work to be done by plaintiff and reduced the amount of money to be paid by defendants. The referee found that the parties were not agreed (i.e. there was no meeting of the minds) as to the issue of whether the value of the work and materials to be provided by plaintiff was intended to match CT Page 8531 in value the amount of the payments. Otherwise, the referee's report indicates there was an agreement between the parties. The first required portion of work was completed by plaintiff in November, 1990 and when the defendants did not make the $10,000.00 payment, plaintiff ceased work on the premises. The trial referee recommended judgment finding that the plaintiff is entitled to a total amount of $59,188.43, less the $38,000.00 already paid by defendant to plaintiff, finding that to be the reasonable value of the plaintiff's labor and materials. The plaintiff timely filed a mechanic lien and this action is an action to foreclose that lien.
The report of the referee, in the "discussion" section, immediately following the referee's findings of facts as summarized above, indicates that the October 30 modification agreement may have effectively rescinded the original agreement, and opines that there was no consideration for the October 30, 1990 memorandum of agreement "since (plaintiff) already had a duty to do the work encompassed in the October 30, 1990 memorandum" the referee's legal conclusion was that "whether the October 30, 1990 meeting produced a recision or a modification, the plaintiff's remedy is based not on the original contract, nor on the October 30, 1990 memorandum, but in quasi-contract on the theory of quantum meruit." Referee's report, pg. 13. The defendants vigorously claim that the referee's report is fatally flawed because, they claim, the referee found that there was no consideration for the October 30, 1990 memorandum and that therefore there were no progress payments required, since the October 30, 1990 agreement was not binding. Therefore, the defendant argues, the October 30 agreement, unsupported by consideration, cannot be given legal force and effect, and cannot only fail to suffice as a modification of the original agreement, but also cannot have operated as a recision of that agreement. Therefore, the defendant argues, the plaintiff was not justified in terminating work on the job when the promised $10,000.00 did not come, and since there was no effective recission of the agreement, quantum meruit is not available as a matter of law to the plaintiff. The court disagrees.
In a construction case plaintiff may recover in quantum meruit without the contract being expressly rescinded. "Quantum meruit is the remedy available to a party when the trier of fact determines that an implied contract for services existed between the parties and that, therefore, the plaintiff is entitled to the reasonable value of services rendered" Burns v. Koellmer, 11 Conn. App. 375,383; 527 A.2d 1210 (1987). Recovery based on a theory of CT Page 8532 quasi-contract or quantum meruit "is based on equitable principals to operate whenever justice requires compensation to be made." (Citations omitted.) Bershtein, Bershtein, 
Bershtein v. Nemeth, 221 Conn. 236, 242; ___ A.2d ___ (1992). A plaintiff may assert theories of recovery based on express contract and quantum meruit in the same action. See Burns, supra, 385-86. In that event, "it is for the trier of fact to determine whether the plaintiff has proved both, neither, or but one of them." Id. Furthermore, if a complaint sounds in quantum meruit recovery may be had based on express contract as "a variance between the plaintiff's proof and the pleading would not be a material variance." Cecio Bros. v. Feldmann, 161 Conn. 265, 272, 287 A.2d 374 (1971). The corollary of this theorum is also true.
In Silliman Co. v. S. Ippolito Sons., Inc.,1 Conn. App. 72, 75-76, 467 A.2d 1249 (1983), cert. denied192 Conn. 801, 470 A.2d 1218 (1984), the court stated:
 The general rule to be applied in construction cases is that the failure to make progress payments is a breach of contract so substantial as to render the contract nugatory. (Citation omitted.)
 The failure to make installment payments when due goes to the essence of a contract. Morici v. Jarvie, 137 Conn. 97
(1950). Rescission is the proper remedy for failure to do that which is basic to the contractual obligation of the party to the contract. (Citations omitted.) Rescission is the remedy for an unjustified failure to make progress payments. (Citations omitted.) A failure to make any payments for work in progress goes to the root of the bargain of the parties and defeats the object of the parties in making the agreement. The remedy of rescission does not need to be expressly stated in an agreement. Keyes v. Brown, 155 Conn. 469, 475, 232 A.2d 486 (1967).
"[A contractor is] entitled to recover for the work it had substantially performed under its contract. . . . Where a contractor is allowed recovery for the value of services rendered such recovery is allowed, not upon the original contract for that has been breached, but in quasi-contract upon the theory that if such recovery were not allowed, the CT Page 8533 other party would be unjustly enriched at the expense of the contractor." (Citations omitted.) Simonetti v. Loverni,15 Conn. App. 722, 725, 546 A.2d 331 (1988). The referee's position is not logically inconsistent with the facts found by the referee. Defendant chooses to read into the referee's discussion of the possibilities of different conclusions of law from the facts found by the referee contradictory factual findings, which cannot be done. Even if the plaintiff's legal claims were correct, the facts found by the referee lead ineluctably to a verdict for plaintiff. While it is true that the referee found no meeting of the minds with respect to a correlation between the $10,000.00 payment and the value of work performed, the referee clearly found that "the parties agreed to a payment schedule which contemplated that the plaintiff would be paid $10,000.00 once the siding and deck stairs were completed $10,000.00 once the garage door, stairs and railing, and sheetrocking were completed, and; $10,000.00 once the plywood on the floors, the trim work, the hard wood floor in the dining room and the painting and staining were completed." This finding clearly indicates an agreement whether or not there was a meeting of the minds on every other aspect of the agreement. After October 30, 1990, the defendant was obligated to make progress payments to the plaintiff. The trial referee found, and no claim is made that there is not sufficient evidence upon which the trial referee could make the findings that he has made, that the plaintiff had completed siding and stairs which entitled plaintiff to a payment of $10,000.00 The trial referee further found that the defendant's refusal to make the first $10,000.00 payment after plaintiff had completed the stairs and siding was unreasonable and justified plaintiff's decision to quit the construction site. Despite the referee's concern about the lack of consideration, the court holds that the modification of the obligations of both parties in terms of reduced scope of work and reduced payment, did constitute, as a matter of law, sufficient consideration to support the modification, which modification agreement was breached by defendant and which entitles plaintiff to recover in quantum meruit. This is not to disagree with the earlier portion of this memorandum upholding the analysis of the referee, but rather to point out an alternate ground, for sustaining the referee's carefully and logically drawn report.
Since this is a foreclosure of a mechanics lien, it is inappropriate to enter a judgment of foreclosure at this time. The report of the attorney trial referee is accepted and it is ordered that plaintiff will recover of defendant the sum of $21,188.43, without interest up until the date of this memorandum of decision. Since this memorandum of CT Page 8534 decision constitutes a finding on the debt, plaintiff may claim the case for the foreclosure short calendar for determination of remedy, i.e., a judgment of foreclosure by sale or strict foreclosure.
Koletsky, J.