[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PROTECTION FROM FORECLOSURE
On June 26, 1991, the plaintiff, Citicorp Mortgage, Inc., brought an action against the defendants, Clifton A. Moore, Jr. and Ann Marie Moore, to foreclose a first mortgage on the defendants' residence.
On August 7, 1991, the defendants filed an application for protection from foreclosure pursuant to the Homeowner's Moratorium Act, sections 49-31d through 49-31j of the General Statutes. The defendants allege that they are homeowners, having owned and occupied the subject property as a principal residence for a period of not less than two years, that the mortgage sought to be foreclosed is a first mortgage, that no foreclosure action has been commenced against them within the past seven years, and that Clifton A. Moore, Jr. is underemployed and Ann Marie Moore is unemployed as defined by the act.
On October 13, 1992, a hearing was held before the court, to determine defendants' eligibility for protection under the Homeowner's Moratorium Act. The plaintiff objected to such protection on the ground that the defendants' had a foreclosure action, Clifford Temple v. Clifton A. Moore, Jr., Ann Marie Moore, et al., Judicial District of Ansonia/Milford at Milford, CV86 020220S (1986), commenced against them in 1986 which is within the past seven years, which disqualifies them from protection according to section 49-31f(a)(2) of the General Statutes. The hearing was continued to October 19, 1992.
At the October 19, 1992 hearing the plaintiff also argued that the granting of the defendants' application will cause substantial prejudice to the plaintiff because the defendants' have already lived in the subject premises without making any payments to the plaintiff since the defendants filed their application for protection on August 7, 1991.
The defendants argued that the prior foreclosure action was a foreclosure of a "commercial note" and that such a foreclosure CT Page 2197 action is not within the definition of a "foreclosure action" as that term is used in section 49-31f(a)(2) of the General Statutes. The defendants further argued that the plaintiff is not prejudiced by the granting of such protection. The court found the value of the defendant's residence to be $200,000.00, and the plaintiff's affidavit of debt, dated October 15, 1992, states that the mortgage debt is $140,755.36 together with attorney's fees of $2,550.00. Thus, the plaintiff will be adequately protected if the mortgage is restructured.
After the hearing, the court ordered both counsel to submit briefs addressing the issue of whether a foreclosure of a commercial note secured by a residential piece of property is within the definition of "foreclosure action" as that term is used in section 49-31f(a)(2).
Section 49-31f of the General Statutes provides protection from foreclosure for a homeowner who is underemployed or unemployed. Section 49-31f states that:
 . . .a homeowner who is underemployed or unemployed against whom a foreclosure action is brought may make application, together with a financial affidavit, to the court having jurisdiction over the foreclosure action for protection from foreclosure if: (1) The mortgage being foreclosed encumbers the residential real property, which property has served as his principal residence, for a period of not less than two years and (2) such homeowner has not had a foreclosure action commenced against him in the preceding seven year period.
On November 2, 1992, the defendants filed a memorandum in support of their application for protection from foreclosure. The defendants argue that the prior foreclosure action did not seek to foreclose a first mortgage on the defendant's residence. Rather, the defendants had signed a note to the seller of a business they had purchased which was secured by a junior mortgage on their residence. When the business failed, the seller commenced a foreclosure action against the defendants. The defendants argue that statutory protection from foreclosure is remedial legislation intended to assist homeowners who are trying to save their homes and therefore such legislation must be construed liberally. Dime Savings Bank of New York v. Romano, 5 CTLR 585 (June 17, 1992, Katz, J.); see also Mack Financial Corporation v. Crossley,209 Conn. 163, 166, 550 A.2d 303 (1988). In Dime Savings Bank, the CT Page 2198 court found that the defendant was entitled to apply for protection from foreclosure even though he failed to file his application within the time period required by 49-31e(b) of the General Statutes and the application was followed by an answer and special defense in violation of 49-31f(g) of the General Statutes.
The defendants further argue that this statutory protection scheme deals only with first mortgages as evidenced by 49-31(d)(5) which defines "lender" as anyone who holds a first mortgage on residential real estate. The defendants argue that there is no reference in the entire statutory scheme to junior mortgages, in fact a homeowner in default on a junior mortgage cannot seek protection under 49-31 of the General Statutes. See Caron, Connecticut Foreclosures (2nd ed.) 15.02, p. 229. Therefore, the defendants contend that the reference to a prior foreclosure action in 49-31(a)(2) must be construed to mean a prior action to foreclose a first mortgage on a primary residence.
On October 30, 1992, the plaintiff filed an objection to the defendants' application for protection from foreclosure with an attached memorandum of law in which the plaintiff argues that the defendants have had a foreclosure action, Clifford Temple v. Clifton A. Moore, Jr., Ann Marie Moore, et al., Judicial District of Ansonia/Milford, CV86 020220 S (1986), commenced against them within the past seven years, which disqualifies them from protection according to 49-31f(a)(2) of the General Statutes. The plaintiff also cites Torrington Savings Bank v. Hanley, 5 CTLR 302 (December 30, 1991, Pickett, J.) is the only reported case in Connecticut which interprets 49-31f(a)(2) of the General Statutes. In Torrington Savings Bank, the defendant filed an application for protection from foreclosure of her condominium unit pursuant to49-31f of the General Statutes. Id. However, the Condominium Association had previously filed a civil action for strict foreclosure of a lien for common charges and assessments and therefore the plaintiff argued that this previous foreclosure action precludes the defendant from obtaining protection according to 49-31f(a)(2) of the General Statutes. Id. The defendant argued that Association's foreclosure action should not disqualify the defendant because the Association is not a "lender" as defined by49-31d(5) of the General Statutes. Id. The court found that while "lender" is not defined in section 49-31d in such a way to include the Association, 49-31f makes no mention of "lender" and states only that the homeowner shall not have had a foreclosure action commenced against him in the preceding seven year period. Id. The court states that it is "constrained to interpret statutory CT Page 2199 provisions as written. . .It is not what the legislature might have said, but rather, the meaning of what it did say, that controls." Id., 303, quoting Roto-Rooter Services Co. v. Department of Labor,219 Conn. 520, 525, 593 A.2d 1386 (1991). As a result, the court held that "because the defendant had a foreclosure action commenced against her in the past seven years, the request for protection from foreclosure is denied." Torrington Saving Bank, supra, 303.
Section 49-31f(a)(2) of the General Statutes does not state that the prior foreclosure action must be a foreclosure on a first mortgage. "Foreclosure action" is not defined in the definition section 49-31d. Section 49-31f(a)(2) only requires that the "homeowner has not had a foreclosure action commenced against him in the preceding seven-year period." (Emphasis added). Since the legislature did not specify that the prior foreclosure action had to be a foreclosure on a first mortgage, then section 49-31f(a)(2) refers to any foreclosure action, not just a foreclosure action on a first mortgage on a primary residence. "It is not what the legislature might have said, but rather, the meaning of what it did say, that controls." Torrington Savings Bank, supra, 302.
Contrary to the defendants' argument that the language of 49-31f
should be construed liberally, Denis R. Caron in his book Connecticut Foreclosures notes that the protection provided under49-31f has been recently narrowed. Caron, Connecticut Foreclosures (2nd ed.) 15.03, p. 230. For example, in 1984, an earlier ambiguity was eliminated by the passage of P.A. 84-373, which substituted the term "commenced" for the term "brought" in section49-31f(a)(2). As a result, it is now clear that the mere fact of the commencement of a foreclosure action within seven years disqualifies the homeowner, even if the action was subsequently resolved in favor of the homeowner by reinstatement, refinance, or sale. Id. The defendant's interpretation of 49-31f significantly broadens protection from foreclosure. Further, the legislature's recent attempts to limit such protection supports the plaintiff's argument that 49-31f should not be construed liberally and that the requirement that the homeowner has not had a foreclosure action commenced against him in the preceding seven years means "any foreclosure action", not just a foreclosure action on a first mortgage on a primary residence.
As a result of the foregoing, the requirement under 49-31f(a)(2) that a "homeowner has not had a foreclosure action commenced against him in the preceding seven year period" means any foreclosure action. Since the defendants have had a foreclosure CT Page 2200 action against them in the preceding seven years, their application for protection from foreclosure is denied pursuant to 49-31f(a)(2).
THE COURT CURRAN, J.