ROBERT V. DUBALDO *v.* DEPARTMENT OF CONSUMER PROTECTION, STATE ELECTRICAL WORK EXAMINING BOARD (13470)

HEALEY, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued November 10, 1988—decision released January 31, 1989

*Richard L. Barger,* with whom was *Steven B. Kaplan,* for the appellant (plaintiff).

*Michael A. Arcari,* assistant attorney general, with whom were *Robert M. Langer,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellee (defendant).

COVELLO, J. This is an appeal from a decision of the Superior Court dismissing the plaintiff's appeal from a decision of the state electrical work examining board (board) suspending the plaintiff's electrical contractor's license. We find error in the Superior Court's dismissal of the appeal.

Examination of the record discloses that the plaintiff, Robert V. DuBaldo, is a principal in the firm of DuBaldo Electric Company, Inc., a non-union electrical contractor. The plaintiff has held an unlimited electrical contractor's license since 1972.

On June 20, 1983, a representative of the department of consumer protection (DCP) inspected the plaintiff's job site in Plainfield, and found that electrical work was being done by four men, one with an E-2 electrical license and three who were registered with the labor department as apprentices. On December 16, 1983, the DCP issued a complaint alleging that the plaintiff had permitted apprentices to perform electrical work without the direct supervision of the required number of licensed electrical contractors or journeymen as required by the Regulations of Connecticut State Agencies that deal with the licensing of electrical contractors.[1] The plaintiff denied these allegations and a hearing was held before the state electrical work examining board.

On April 24, 1984, the board found that the plaintiff had violated § 20-332-15 of the agency regulations and ordered that the plaintiff's license be suspended for ninety days. The plaintiff appealed the decision to the

[1] Section 20-332-15 (a) of the Regulations of Connecticut State Agencies provides in relevant part: "Nothing in chapter 393 of the general statutes shall be construed to prohibit the employment of one apprentice by a licensed electrical contractor and an additional apprentice for a licensed electrical journeyman employed by a contractor. An electrical contractor employing more than one journeyman may employ an additional apprentice for each additional three journeymen employed by him."

Superior Court. On March 25, 1988, the trial court rendered judgment dismissing the appeal. The plaintiff appealed the decision to the Appellate Court and on August 3, 1988, this court transferred the appeal to itself pursuant to Practice Book § 4023.

The plaintiff claims that the trial court erred by failing to conclude: (1) that the board was improperly constituted as required by its enabling legislation, General Statutes § 20-331; (2) that the statutory penalties provisions, General Statutes §§ 21a-9 (c) and 21a-7 (7), and the participation of union officials as board members violated federal and state due process standards; (3) that the penalty which the board imposed was arbitrary and capricious and its application of General Statutes §§ 21a-9 (c) and 21a-7 (7) was unconstitutional; (4) that the board's decision was clearly erroneous; (5) that the board's chairman improperly participated in the decision; and (6) that the board's actions were invalid because a quorum was not present.

The plaintiff first claims that the board, as constituted, did not comply with the requirements of § 20-331, and therefore its decision was invalid.[2] We agree.

At the time of the hearing, § 20-331 required that "[e]ach such board . . . shall consist of seven members who shall be residents of this state, two of whom shall be unlimited contractors, two of whom shall be unlimited journeymen, *engaged in and licensed for such occupation* under this chapter, and three of whom shall

---

[2] General Statutes (Rev. to 1983) § 20-331 provides in part: "EXAMINING BOARDS. . . . Each such board, except the elevator installation, repair and maintenance board, shall consist of seven members who shall be residents of this state, two of whom shall be unlimited contractors, two of whom shall be unlimited journeymen, engaged in and licensed for such occupation under this chapter, and three of whom shall be public members."

be public members." (Emphasis added.)[3] The plaintiff claims that the two board members who were the unlimited journeymen were not engaged in the occupation of electrical contracting and therefore the board failed to meet the statutory requirements set forth in § 20-331.

The phrase "engaged in" is not defined in the applicable statutes. In the absence of an express definition words of a statute are to be given the commonly approved meaning unless a contrary intent is clearly expressed. *Federal Aviation Administration* v. *Administrator,* 196 Conn. 546, 550, 494 A.2d 564 (1985); *Holmquist* v. *Manson,* 168 Conn. 389, 393, 362 A.2d 971 (1975); *Southern New England Telephone Co.* v. *Public Utilities Commission,* 144 Conn. 516, 522, 134 A.2d 351 (1957). "Engaged" is defined as "employed; occupied; busy." Webster's American Heritage Dictionary. The members in question, Richard Panagrossi and Frank J. Carroll, were both licensed unlimited journeymen at the time of the hearing. They were not, however, engaged in the occupation of electrical work.

Examination of the record discloses that neither man considered his occupation to be that of an electrician. Both men were employees of the Local 488 of the International Brotherhood of Electrical Workers Union. Carroll last worked as an electrician in 1978. As he

---

[3] Subsequent to the hearing, Public Acts 1985, No. 85-352, revised General Statutes § 20-331 to include a general contractor among its members, thereby increasing the membership from seven to eight. Section 20-331 now provides in relevant part: "EXAMINING BOARDS. There shall be in the department of consumer protection separate examining boards for each of the following occupations: (a) Electrical work; (b) plumbing and piping work; (c) heating, piping and cooling work; (d) elevator installation, repair and maintenance work . . . . The electrical board shall consist of eight members who shall be residents of this state one of whom shall be a general contractor, two of whom shall be unlimited contractors, two of whom shall be unlimited journeymen, engaged in and licensed for such occupation under this chapter, and three of whom shall be public members."

stated: "I differentiate between . . . being an electrician and a member of [local] 488 and working as a—as an officer or business agent or manager of [local] 488." Panagrossi had not been employed as an electrician since 1972. As he stated: "My current title is a general representative to the International president." "It is a full-time position for me." "But I do continue to do things for people that are friends of mine."

General Statutes § 20-330 (2) specifically defines "electrical work" as "the installation, erection, maintenance, alteration or repair of any . . . apparatus, fixture or equipment which . . . uses electrical energy for light, heat, power or other purposes . . . ." It is evident that Carroll and Panagrossi considered themselves to be full-time union employees. They were not "engaged in [the] occupation" of electrical work as required by § 20-331 and defined by § 20-330 (2).

"In the absence of evidence to the contrary, we may assume that the [board] was properly constituted." *Furtney* v. *Zoning Commission,* 159 Conn. 585, 596, 271 A.2d 319 (1970); *Hebb* v. *Zoning Board of Appeals,* 150 Conn. 539, 545, 192 A.2d 206 (1963). Under the circumstances presented here, however, it is clear that the board was not properly constituted. Since neither man was "engaged in" the occupation of electrical work the board's decision to suspend the plaintiff's license was without statutory authority. *Finn* v. *Planning & Zoning Commission,* 156 Conn. 540, 546, 244 A.2d 391 (1968).

There is error, the judgment is set aside and the case is remanded with direction to return it to the board to be proceeded with according to this opinion.

In this opinion the other justices concurred.