ROTO-ROOTER SERVICES COMPANY *v.* DEPARTMENT OF
LABOR ET AL.
(14116)

SHEA, GLASS, COVELLO, BORDEN and F. X. HENNESSY, Js.

Argued March 22—decision released July 16, 1991

*Gregory B. Nokes,* with whom were *Kevin D. O'Leary*
and, on the brief, *William H. Narwold,* for the appel-
lant (plaintiff).

*Richard T. Sponzo,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle,* then attorney general, and *Charles A. Overend,* assistant attorney general, for the appellees (defendants).

GLASS, J. The sole issue in this appeal is whether the trial court properly construed the phrase "commissions on . . . services" in General Statutes § 31-76i (g),[1]

---

[1] "[General Statutes (Rev. to 1989)] Sec. 31-76i. EXCEPTIONS. The provisions of sections 31-76b to 31-76j, inclusive, shall not apply with respect to (a) any driver or helper, excluding drivers or helpers employed by exempt employers, with respect to whom the Interstate Commerce Commission or the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of applicable federal law or regulation of any employee of a carrier by air subject to the Railway Labor Act or any employee of any employer subject to said Railway Labor Act; (b) any employee employed as a seaman; (c) any employee employed as an announcer, a news editor or chief engineer by a radio station or television station; (d) repealed by 1972, P.A. 116, S. 3, 6; (e) any person employed in a bona fide executive, administrative or professional capacity as defined in the regulations of the labor commissioner issued pursuant to section 31-60; (f) any person employed in the capacity of outside salesman as defined in the regulations of the Federal Fair Labor Standards Act; or (g) *any employee except outside salesmen (1) whose regular rate of pay is in excess of two times the minimum hourly rate applicable to him under section 31-58, (2) more than half of whose compensation for a representative period, being not less than one month, represents commissions on goods or services, and (3) who does not work more than fifty-four hours during a work week of seven consecutive calendar days. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee;* (h) any person employed as a taxicab driver by any employer engaged in the business of operating a taxicab, if such driver is paid forty per cent or more of the fares recorded on the meter of the taxicab operated by him; (i) any person employed in the capacity of a household delivery route salesman engaged in delivering milk or bakery products to consumers and who is paid on a commission basis as defined in the regulations of the labor commissioner issued pursuant to section 31-60; (j) any salesman primarily engaged in selling automobiles; (k) any person employed in agriculture; (l) any permanent paid members of the uniformed police force of municipalities and permanent paid members of the uniformed fire fighters of municipalities; (m) any person employed as a fire fighter by a private nonprofit corporation which on May 24, 1984,

which exempts certain employers from the overtime pay requirements of General Statutes § 31-76c,[2] to mean commissions earned by employees who only *sell* services. Because we conclude that the phrase also encompasses commissions earned by employees who *perform* services, we reverse.

This appeal arises from an administrative ruling by the defendant, the department of labor,[3] determining that the plaintiff, Roto-Rooter Services Company, did not qualify for exemption under § 31-76i (g), which provides in pertinent part: "The provisions of [General Statutes §§] 31-76b to 31-76j, inclusive, shall not apply with respect to . . . any employee except outside salesmen (1) whose regular rate of pay is in excess of two times the minimum hourly rate applicable to him under section 31-58, (2) more than half of whose compensation for a representative period, being not less than one month, represents commissions on goods or services, and (3) who does not work more than fifty-four hours during a work week of seven consecutive calendar days. . . ." The defendant's ruling was issued on the following stipulated facts. The plaintiff's employees sell the plaintiff's plumbing, drain and sewer cleaning products and services. They also perform the services sold. In response to the plaintiff's customers' service inquiries, the employees examine and determine the nature of the particular problem at the customers' premises. The employees then recommend and quote

has a valid contract with any municipality to extinguish fires and protect its inhabitants from loss by fire . . . ." (Emphasis added.)

[2] "[General Statutes] Sec. 31-76c. LENGTH OF WORKWEEK. No employer, except as otherwise provided herein, shall employ any of his employees for a workweek longer than forty hours, unless such employee receives remuneration for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

[3] The commissioner of labor also is a defendant in this appeal. We refer to the department and the commissioner of labor jointly as "the defendant."

a price for the products and services necessary to rectify the problem. If the customers agree to purchase the recommended products and services, the employees provide the products and perform the services. The plaintiff pays the employees a fixed dollar "commission, which varies by the product, per unit of [the plaintiff's] product purchased" by the customers, and a percentage of the gross amount paid by the customers for any service performed. These payments are the sole sources of the employees' weekly income. Each employee's rate of pay, determined by dividing his or her total weekly earnings by the number of hours worked per week, exceeds twice the minimum hourly rate applicable under General Statutes § 31-58; see General Statutes § 31-76i (g) (1); and most of the employees work less than fifty-four hours during a work week of seven consecutive calendar days. See General Statutes § 31-76i (g) (3).

On these facts, the defendant found that while the plaintiff's employees satisfied the requirements of § 31-76i (g) (1) and (3), more than one half of their compensation did not represent "commissions on goods or services" within the meaning of § 31-76i (g) (2). With respect to § 31-76i (g) (2), the defendant determined that the phrase "commissions on goods or services" means commission compensation earned by employees who only *sell* goods or services. Since more than one half of the commission compensation earned by the plaintiff's employees derived from their performance, rather than sale, of services, the defendant ruled that the plaintiff did not qualify for exemption under § 31-76i (g).

The plaintiff challenged the defendant's adverse ruling by seeking a declaratory judgment in the Superior Court pursuant to General Statutes § 4-175 (a).[4] Con-

---

[4] General Statutes (Rev. to 1989) § 4-175 (a) provides: "If a provision of the general statutes, a regulation or a final decision, or its threatened appli-

cluding that the defendant had interpreted and applied § 31-76i (g) correctly, the court rendered judgment for the defendant. Thereafter, the plaintiff appealed to the Appellate Court, and we transferred the appeal to this court in accordance with Practice Book § 4023.

On appeal, the plaintiff claims that the trial court improperly concluded that the compensation that its employees earn by performing services did not constitute "commissions on . . . services" within the meaning of § 31-76i (g) (2). In the plaintiff's view, that phrase unambiguously encompasses compensation calculated on a commission basis and generated by the performance of services. The defendant contends that the exemption created by § 31-76i (g) is ambiguous because, unlike the duty-specific exemptions in the remaining subsections of § 31-76i, it does not expressly designate the duties an employee must undertake to earn "commissions on . . . services." General Statutes § 31-76i (g) (2). Drawing upon various interpretive aids, the defendant would resolve that purported ambiguity by attributing to the legislature an intent to confine the meaning of that phrase to commissions earned by employees who sell but do not perform services. We agree with the plaintiff that its employees' performance of services generates "commissions on . . . services" within the meaning of § 31-76i (g) (2).[5]

cation, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff and if an agency (1) does not take an action required by subdivision (1), (2) or (3) of subsection (e) of section 4-176, within sixty days of the filing of a petition for a declaratory ruling, (2) decides not to issue a declaratory ruling under subdivision (4) or (5) of subsection (e) of said section 4-176, or (3) is deemed to have decided not to issue a declaratory ruling under subsection (i) of said section 4-176, the petitioner may seek in the superior court a declaratory judgment as to the validity of the regulation in question or the applicability of the provision of the general statutes, the regulation or the final decision in question to specified circumstances. The agency shall be made a party to the action."

[5] At this juncture, we note that in 1989, the legislature amended General Statutes § 31-76i (g) in a manner that, if the amendment were applied

The legislature's failure to impose a duty-specific limitation on the scope of § 31-76i (g) (2) does not, in and of itself, render the exemption ambiguous. Because we are constrained to interpret statutory provisions as written; *Ghent* v. *Planning Commission,* 219 Conn. 511, 515, 594 A.2d 5 (1991); the clarity of legislative expression in § 31-76i (g) (2) must be determined by looking first to its language. *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 187, 592 A.2d 912 (1991). It is not what the legislature might have said, but rather, the meaning of what it did say, that dictates the scope of the exemption. See *Stamford Ridgeway Associates* v. *Board of Representatives,* 214 Conn. 407, 431, 572 A.2d 951 (1990); *Schurman* v. *Schurman,* 188 Conn. 268, 273, 449 A.2d 169 (1982).

What the legislature clearly did say in § 31-76i (g) (2) is that an employer whose employees earn "commissions on . . . services" clears a preliminary hurdle to qualification for exemption from the overtime pay requirements of § 31-76c. In accordance with its commonly approved usage; see General Statutes § 1-1 (a); the word "commission" means "a fee paid to an agent

retrospectively, would necessitate the resolution of the present controversy in the defendant's favor. Amended § 31-76i (g) provides in pertinent part: "[A]ny inside salesperson whose sole duty is to sell a product or service (1) whose regular rate of pay is in excess of two times the minimum hourly rate applicable to him under section 31-58, (2) more than half of whose compensation for a representative period, being not less than one month, represents commissions on goods or services, and (3) who does not work more than fifty-four hours during a work week of seven consecutive calendar days. . . ." (Emphasis added.) Public Acts 1989, No. 89-24. Because the amendment to § 31-76i (g) affects the substantive obligation of employers to pay overtime compensation, and in view of the absence of a clearly expressed legislative intent that the amendment shall apply retrospectively, we agree with the trial court that the amendment is not subject to retrospective application. See General Statutes § 55-3; see also *Miano* v. *Thorne,* 218 Conn. 170, 175–76, 588 A.2d 189 (1991); *Gormley* v. *State Employees Retirement Commission,* 216 Conn. 523, 529, 582 A.2d 764 (1990). We therefore interpret and apply § 31-76i (g) in its form prior to the amendment.

or employee for transacting a piece of business or *performing a service*"; (emphasis added) Webster's Third New International Dictionary; which fee is "usually calculated as a percentage on the amount of his transactions or amount received or expended." Black's Law Dictionary (5th Ed. 1979). The plaintiff's employees, whose compensation is calculated as a percentage of the gross amount paid by customers for the services that they perform, undoubtedly earn "commissions" within the ordinary import of that word. Absent an express statutory definition, the words of a statute must be assigned their commonly approved meaning unless their context indicates that a different meaning was intended. *DuBaldo* v. *Department of Consumer Protection*, 209 Conn. 719, 722, 552 A.2d 813 (1989); see *State* v. *Lubus*, 216 Conn. 402, 407, 581 A.2d 1045 (1990); *State Medical Society* v. *Board of Examiners in Podiatry*, 208 Conn. 709, 721, 546 A.2d 830 (1988).[6]

Notwithstanding the defendant's contrary assertion,[7] we find the statutory context of § 31-76i (g) (2) consist-

---

[6] Because we find General Statutes § 31-76i (g) unambiguous, we need not, as the defendant proposes, resort to its legislative history for guidance as to its intended scope. See *Winslow* v. *Lewis-Shepard, Inc.*, 216 Conn. 533, 538, 582 A.2d 1184 (1990). We also decline the defendant's invitation to defer to the labor department's purported longstanding interpretation of the exemption, or to adopt the construction of the statute suggested by the attorney general in an unpublished opinion based on inapposite facts. See *Quinnipiac Council, Boy Scouts of America, Inc.* v. *Commission on Human Rights & Opportunities*, 204 Conn. 287, 295, 528 A.2d 352 (1987) (agency interpretation of statute not previously subjected to judicial scrutiny not entitled to deference); *Connecticut Hospital Assn.* v. *Commission on Hospitals & Health Care*, 200 Conn. 133, 143, 509 A.2d 1050 (1986) (attorney general's opinion "entitled to careful consideration" and "generally regarded as highly persuasive" but "not binding on a court").

[7] The defendant argues that if "commissions on . . . services" in General Statutes § 31-76i (g) (2) means all earnings calculated on a commission basis, subsections (i) and (j) of § 31-76i would be rendered superfluous, a result that the legislature could not have intended. This argument overlooks the rate of pay and hours per week requirements respectively contained in § 31-76i (g) (1) and (3), with which an employer seeking

ent with a construction of the phrase "commissions on . . . services" that encompasses commissions earned by employees who perform services. Particularly significant is the conspicuous absence of any express limitation of subsection (g), in marked contrast to subsections (f), (i) and (j) of § 31-76i, to any type of "salesman." If the legislature had intended to confine the application of § 31-76i (g) to employees whose duties are restricted to selling, it certainly was aware of the explicit language with which it could do so. Furthermore, in the nature of a rule stated in direct operational terms; see 1A J. Sutherland, Statutory Construction (4th Ed. Sands 1985 Rev.) § 27.01; subdivision (3) of § 31-76i (g) mandates: "In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on . . . services." This provision suggests that "commissions on . . . services" within the meaning of § 31-76i (g) (2) are simply earnings calculated on a commission basis, without regard to whether employees generate such earnings by selling services. Finally instructive is the reference in § 31-76i (i) to compensation "paid on a commission basis as defined in the regulations of the labor commissioner issued pursuant to [General Statutes §] 31-60 . . . ." In the only regulation so issued, the definition of "commissions" is sufficiently broad to include commissions derived from the performance of services: " 'Commissions' means any premium or incentive com-

---

exemption under subsections (i) and (j) of § 31-76i need not comply. Consequently, even if the phrase "commissions on . . . services" were construed to mean all earnings calculated on a commission basis, subsection (g) of § 31-76i would not be coextensive with subsections (i) and (j) of the statute, and therefore, the latter subsections would not be rendered superfluous. We, in any event, have no occasion to consider whether "commissions on . . . services" means all earnings calculated on a commission basis. The facts of this case present the narrower issue of whether such earnings, if generated by the performance of services, fall within the scope of § 31-76i (g) (2).

pensation for business transacted whether based on per centum of total valuation or specific rate per unit of accomplishment. . . ." Regs., Conn. State Agencies § 31-60-1 (a).[8]

Considering § 31-76i as a whole, therefore, we perceive no manifest legislative purpose to restrict the ordinary import of the phrase "commissions on . . . services" in § 31-76i (g) (2) to earnings generated by employees who only sell, rather than perform, services. The trial court, accordingly, should not have read such a restriction into § 31-76i (g) (2). Since it is undisputed that the plaintiff's employees satisfy the requirements of § 31-76i (g) (1) and (3), and we hold that those employees earn "commissions on . . . services" within the meaning of § 31-76i (g) (2), the plaintiff qualifies for the exemption from § 31-76c under § 31-76i (g).[9]

---

[8] Because the phrase "commissions on goods or services" in General Statutes § 31-76i (g) (2) tracks the language of 29 U.S.C. § 207 (i), which exempts certain employers from the overtime provisions of the Fair Labor Standards Act, our interpretation of the Connecticut exemption is aided by federal precedent respecting the meaning and scope of the analogous federal exemption. See *Shea* v. *First Federal Savings & Loan Assn.*, 184 Conn. 285, 303, 439 A.2d 997 (1981). In *Mechmet* v. *Four Seasons Hotels, Ltd.*, 825 F.2d 1173 (7th Cir. 1987), for example, the court held that an employer whose employees earned compensation calculated on a commission basis solely by performing services satisfied the requirements of the federal exemption. Also worthy of note are certain of the federal regulations that are designed to provide "guiding principles for determining whether an employee's employment and compensation meet the conditions" set forth in § 207 (i). 29 C.F.R. § 779.410. One such regulation explicitly disclaims a sales oriented limitation on the scope of § 207 (i): "Although typically . . . commission payments are keyed to sales, the requirement of [§ 207 (i) (2)] is that more than half the employee's compensation represent commissions 'on goods or services,' which would include all types of commissions customarily based on the goods or services which the [employer] sells, and not exclusively those measured by 'sales' of these goods or services." 29 C.F.R. § 779.413 (b). The regulations also describe "a bona fide commission rate" within the meaning of § 207 (i) (2), a phrase likewise contained in our § 31-76i (g) (3), as one that "var[ies] in accordance with the employee's performance on the job . . . ." 29 C.F.R. § 779.416 (b).

[9] As an alternate ground for affirmance of the judgment, the defendant contends that the plaintiff failed to satisfy its burden of proving that more

The judgment is reversed and the case is remanded with direction to render judgment for the plaintiff.

In this opinion the other justices concurred.

than one half of its employees' compensation represented commissions on goods or services "for a representative period, being not less than one month." General Statutes § 31-76i (g) (2). We reject this contention because the defendant stipulated to the fact that the "sole sources of the weekly earnings" of the plaintiff's employees were: (1) the earnings generated by their performance of services that we hold constitute "commissions on . . . services" within the meaning of § 31-76i (g) (2); and (2) the "fixed dollar commission[s]" generated by their sale of products, which the defendant does not claim constitute other than "commissions on goods" within the meaning of § 31-76i (g) (2). In accordance with the parties' stipulation, more than one half of the employees' compensation necessarily would represent commissions on goods or services for a representative period of *any* duration.