[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: APPLICATION FOR PROTECTION FROM FORECLOSURE
On July 1, 1991, the plaintiff, Torrington Savings Bank filed a complaint against the defendant, Susan Hanley, in which it alleged that the defendant is the owner of a condominium in the Fairways Condominium Project in Torrington, Connecticut. The plaintiff holds a promissory note secured by a first mortgage on this condominium. The original principal balance on the mortgage was $90,000.00, and the remaining principal balance is $87,133.73. The defendant Fairways Condominium Association also claims an interest in the mortgaged property and has, in a complaint dated February 26, 1991 and filed in the Litchfield Superior Court on March 19, 1991 CV 91-005751, instituted a civil action for the strict foreclosure of a lien for common charges and assessments.
By its complaint, the plaintiff here seeks, inter alia, a foreclosure of the aforementioned first mortgage. On July 22, 1991, defendant Hanley filed an application for protection from foreclosure. Ms. Hanley seeks a court ordered restructuring of the first mortgage, which amount is to include delinquent real property taxes, court costs, legal fees, and any other sums the court determines to be due under the mortgage's terms. The Bank alleges that payments by Ms. Hanley are due from and including the payment due January 1, 1991. The Bank also claims that the defendant currently owes $100,060.82.
The defendant's request for protection from foreclosure is made pursuant to General Statutes 49-31d — 40-31j, inclusive. General Statutes 49-31d(4) states that protection from foreclosure "means a CT Page 10071 court-ordered restructuring of a mortgage debt designed to eliminate an arrearage in payments on such debt and to provide a period not to exceed six months during which foreclosure is stayed," Id. To qualify for such protection:
 [A] homeowner who is underemployed or unemployed against whom a foreclosure action is brought may make application, together with a financial affidavit, to the court having jurisdiction over the foreclosure action for protection from foreclosure if . . . (2) such homeowner has not had a foreclosure action commenced against him in the preceding seven-year period.
General Statutes 49-31f(a) (emphasis added). The defendant need not have lost her property in a foreclosure action; rather, as long as a foreclosure action has begun against her, she is not eligible for protection under General Statutes 49-31d-49-31j. D. Caron, Connecticut Foreclosures (2d Ed.), 15.03 (1989).
As was noted, supra, the Association claims an interest in the mortgaged property by virtue of a Lis Pendens and has instituted a civil action against the defendant for the foreclosure of a lien for common charges and assessments pursuant to General Statutes 47-258. That section states, in pertinent part, that "The association has a statutory lien on a unit for any assessment levied against that unit or fines imposed against it unit owner from the time the assessment or fine becomes delinquent." General Statutes 47-258(a). Furthermore, "[t]he association's lien may be foreclosed in like manner as a mortgage on real property." General Statutes 47-158(j). Thus, the defendant has had a foreclosure action commenced against it, and the only remaining issue is whether this action deprives the defendant of the requested protection.
In its memorandum in support of its application for protection from foreclosure, the defendant claims that the Association's foreclosure action should not disqualify the defendant from the sought-after protection. The defendant argues that the Association's foreclosure action should not disqualify the defendant from the sought-after protection. The defendant argues that the Association is not a "lender" as defined in General Statutes 49-31d(5), and that the Association's claim has limited priority and a limited financial position pursuant to General Statutes 47-258(b). Accordingly, the defendant states that protection should not be denied.
While "lender" is not defined in General Statutes 49-31d, in in such a way as to include the Association, General Statutes 49-31f, in discussing the requirements for protection, makes no mention of "lender." Rather, that section states only that the homeowner shall not have had a foreclosure action commenced against him in the preceding seven-year period. General Statutes 49-31f. Because this court is "constrained to interpret statutory provisions as written . . . the clarity of legislative CT Page 10072 expression in [General Statutes 49-31f] must be determined by looking . . . to its language . . . . It is not what the legislature might have said, but rather, the meaning of what it did say, that [controls] . . . ." Roto-Rooter Services Co. v. Department of Labor, 219 Conn. 520, 525,___ A.2d ___ (1991). consequently, because the defendant has had a foreclosure action commenced against her in the past seven years, the request for protection from foreclosure is denied.
PICKETT, J.