[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In March of 1988 Ratick Combustion, Inc. ("Ratick") requested that the State of Connecticut Heating, Piping and Cooling Work Examining Board ("Board") issue a Declaratory Ruling as to whether boiler cleaning is included within the definition of heating, piping and cooling work (as stated in General Statutes 20-330(5)) when no mechanical adjustment or repair is involved.
That statute states:
 "`Heating, piping and cooling work' means the installation, repair, replacement, maintenance or alteration of any apparatus for piping, appliances, devices or accessories for heating systems, excluding sheet metal work; air conditioning and refrigeration systems, boilers, including apparatus and piping for the generation or conveyance of steam and associated pumping equipment, but on and after July 1, 1984, shall not include solar work."
The Examining Board in its ruling stated that it had always considered "maintenance" to include cleaning, and it ruled "that boiler cleaning, including such cleaning when no mechanical adjustment or repair is involved, is included in the definition of heating, piping and cooling work as stated in Connecticut General Statutes, 20-330(5)."
Although Ratick now brings this action for a declaratory judgment, the court treats it as an appeal from the ruling of the Examining Board. CT Page 229
The plaintiff claims that the ruling was invalid because the Examining Board was not properly constituted in accordance with section 20-331 of the Connecticut General Statutes. That section provides that such board shall consist of "nine members who shall be residents of this state, one of whom shall be a general contractor or an unlimited contractor licensed for such occupation, two of whom shall be unlimited contractors licensed for such occupation, three of whom shall be unlimited journeymen licensed for such occupation, and three of whom shall be public members." At the time the Examining Board rendered its ruling there were two vacancies on the Board (both public member slots). Present at the meeting at which the declaratory ruling was rendered were four members. They were David E. Alton, a contractor member; Tom Higgins, a journeyman member, Francis Horan, a journeyman member; and Beatrice Wood, a public member. Neither of the two journeyman members were engaged in the trade as required by General Statutes 20-331. Thus, only two people who made the ruling were proper members of the Board, namely David Alton, the contractor member, and Beatrice Wood, a public member. It would appear, therefore, that the Board as constituted did not comply with the requirements of 20-331 and that its decision was invalid. DuBaldo v. Department of Consumer Protection, 209 Conn. 719.
Defendant claims that Public Act 89-25 validates the action of the examining board. Section 2 of that Act provides:
 "Any action of any examining board created pursuant to section 20-331 of the general statutes, revision of 1958, revised to January 1, 1989, including any interim or final decision, and any appointment of a member to any such board by the governor, otherwise valid except that certain members of any such board who were required to be engaged in the occupation under the jurisdiction of the examining board of which they were a member were not so engaged and which has not been appealed from or which has been appealed from but on which appeal a final judgment has not been entered prior to the effective date of this act, is validated."
The court notes the use of the words "otherwise valid." It does not believe that the appointments to the Board were otherwise valid inasmuch as the Board as constituted had 7 members and not CT Page 230 9 as required by 20-331.
Defendant claims that the case of Levinson v. Board of Chiropractic Examiners, 211 Conn. 508 when read together withPublic Act 89-25 validates the action of the examining board. The court disagrees. In Levinson the Board of Chiropractic Examiners was required by statute to be comprised of three members, namely, two practicing chiropractors and one public member. At the time of its decision, the Board was only composed of two practicing chiropractors. The court held that the lack of a public member did not make its decision jurisdictionally defective. However, the two chiropractors had voted the same way and thus it undoubtedly made no difference whether there was a third member who may have voted differently. The outcome most certainly would have been the same. In the present case, we have only four people voting. If the Board had been properly constituted, a majority of five would have been required to make a board decision.
Because the court holds that the Board was improperly constituted, it sets the declaratory ruling aside and remands the matter back to the Board for further proceedings in accordance with this opinion.
Allen, J.