[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 7, 1997
The plaintiff landlord issued a notice to quit to the defendant tenant on October 11, 1996; the notice was served on October 12, 1996. The reason given for eviction is nonpayment of rent. No issue has been made concerning the propriety of the notice to quit itself. The plaintiffs first complaint, dated October 31, 1996, alleges that there was an oral month to month lease, and that the defendant failed to pay the rent due in August 1996.
The defendant moved to dismiss the complaint on November 12, 1996. The defendant claimed that the complaint alleged an oral month to month lease and that because the notice to quit was served later than in the month following the month in which rent was allegedly not paid, the timing was in violation of §47a-23 (d) of the General Statutes. The motion to dismiss is based on the allegation that the court lacks subject matter CT Page 387-J jurisdiction because of the alleged failure to meet a condition precedent to the bringing of the action.
Apparently on receipt of the motion to dismiss the plaintiff filed an amended complaint on November 14, 1996. The amended complaint alleges that the defendant failed to pay rent in September (as opposed to August, the month alleged in the prior complaint), and that the notice to quit was served on October 11 (sic), 1996. The amended complaint would not, at least superficially, seem to run afoul of § 47a-23 (d).
At oral argument the defendant, while not necessarily conceding that the amended complaint, in conjunction with the notice to quit, stated a claim on which relief could be granted, posited that the court could not consider the amended complaint because once the issue of subject matter jurisdiction had been brought to the court's attention, it could not rule on any subsequent issue until the issue of subject matter jurisdiction had been decided. The plaintiff argued that he had the right to amend a complaint any time within thirty days after the filing of the complaint, according to § 175 of the Practice Book. CT Page 387-K
The defendant is of course correct in her assertion that subject matter jurisdiction is to be decided prior to ruling on any other motion. See, e.g., Grievance Committee v. Rozbicki211 Conn. 232, 245-46 (1989). The anomaly, which occurred to me during oral argument, was how a repleading could have any effect on subject matter jurisdiction; that is, if the defect could be cured or avoided by an amended pleading, would the defect be jurisdictional in the first place? The answer, it seems, is that the defect is not one of subject matter jurisdiction. While the defendant correctly points out that a substantial defect in thenotice to quit destroys subject matter jurisdiction; seeLampasona v. Jacobs, 209 Conn. 722, 729 (1989): the claimed defect in this case is not in the notice to quit itself. The claimed defect is that the complaint alleges a month of nonpayment which is too early, as measured by the service of the notice to quit. The claimed defect does not involve subject matter jurisdiction, therefore, but rather claims that relief may not be granted on the facts alleged in the complaint. The appropriate vehicle to raise this claim is a motion to strike and one permissible response to a motion to strike is to file an CT Page 387-L amended pleading. This, on the facts of this case, has already been accomplished.
The motion to dismiss is denied.
BEACH, J.