[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT
The defendant in the above-captioned case has moved for summary judgment on the claim that the maintenance of a policy of paying salaried engineers for overtime worked in excess of five hours per week renders the engineers non-exempt under the Connecticut Wage and Hour Law, C.G.S. § 31-70, et seq. That statute requires employers to pay overtime pay for hours worked in excess of forty hours to employees other than those defined as "exempt" from this requirement. The dispute thus features the somewhat bemusing formulation that an employer can render its exempt work force non-exempt — and thus eligible for statutorily-required overtime pay — if it institutes a voluntary practice of paying some overtime pay to them. The motion is limited in scope because of the form of a ruling by another judge on the plaintiff's motion for class certification [21 CONN. L. RPTR. 587]. The plaintiff has claimed that he and other engineers in pay grades 43 to 51 employed by the defendant are non-exempt employees and therefore are owed overtime for all hours worked in excess of forty hours per week. Case law suggests a number of employment practices or policies that may render salaried professional workers non-exempt.
The judge who decided the motion for class certification determined that the plaintiff could not show the application to himself of any such policy except one: Sikorsky's policy of paying overtime even to those salaried engineers it considers exempt from required overtime pay if they are requested to work more than forty-five hours a week. Class certification was granted on the basis that the plaintiff could represent a class of persons who maintain that they are non-exempt solely because they have received payments for overtime worked, pursuant to Sikorsky's policy. CT Page 13755
The defendant has moved for summary judgment only on the formulation of the non-exemption claim as to which the plaintiff has been authorized to act as a class representative, and not to the general claim of the plaintiff that he himself was a non-exempt employee who was deprived of statutory overtime.
This issue is therefore limited: whether, as a matter of law, voluntarily paying overtime to employees who are exempt from the statutory duty to pay overtime renders those employees non-exempt. Accordingly, this court does not decide whether the plaintiff is or is not an exempt employee but only whether the maintenance of a paid overtime policy in and of itself renders him not salaried and therefore non-exempt.
Standard of review
It is well settled that a party seeking summary judgment has the burden of showing what the undisputed material facts are, and that the facts entitle the movant to judgment as a matter of law. Practice Book § 17-49; Doty v. Mucci, 238 Conn. 800, 805-806
(1996); Miller v. United Technologies Corp. , 233 Conn. 732, 751-52
(1995); Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105 (1994);D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980). The issue is whether a party would be entitled to a directed verdict on the same facts. Connell v. Colwell, 214 Conn. 242,246-47 (1990).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Doty v. Mucci, 238 Conn. at 805.
Statement of undisputed facts
The parties agree that as to this discrete issue, the material facts are not in dispute. They agree that the facts are that since 1987 Sikorsky has classified engineers in pay grades 43 to 51 as salaried, exempt employees but that it has maintained a series of policies by which such employees are paid by the hour for each hour that they are requested to work in excess of forty-five hours per week. The parties agree that these employees are professionals and that they are paid an annual amount as their basic compensation. Sikorsky's method of calculating overtime pay for the engineers in pay grades 43 to 51 whom it classifies as exempt salaried professionals is to determine an hourly rate by dividing the annual salary by 2080 CT Page 13756 (fifty-two weeks multiplied by forty hours a week).
The Connecticut Wage and Hour Law provides at C.G.S. § 31-76c that "employees" other than those defined by various exemptions, are entitled to be paid overtime pay for all hours worked in excess of forty hours per week. Among the workers exempted from the definition of "employee," and therefore exempted from the requirement of paid overtime are "individual(s) employed in a bona fide . . . professional capacity as defined in the regulations of the Labor Commissioner." C.G.S. § 31-58(f). Those regulations, at § 31-60-16 of the Regulations of Connecticut State Agencies provide that for purposes of § 31-58(f) an employee "in a bona fide professional capacity" means an employee whose primary duty consists of the performance of work requiring knowledge of an advanced type requiring the constant exercise of discretion and judgment in its performance "and who is compensated on a salary or fee basis at a rate not less than one hundred twenty-five dollars per week. "The state regulations do not define "on a salary or fee basis."
The parties agree that engineers employed at Sikorsky in pay grades 43 to 51 meet the functional descriptions for "professionals" enumerated in the regulation cited above. It is also undisputed that employees in these pay grades are paid between $33,000 to $122,000 per year if they do not receive any paid overtime. The only area of dispute is whether the effect of the overtime compensation policy is such that these employees do not also meet the criterion of being compensated on a salary or fee basis.
The plaintiff's position is that because he and others in these pay grades are, pursuant to Sikorsky's policy described above, paid overtime calculated at an hourly rate for work in excess of forty-five hours a week, they are not compensated on a salary basis and are therefore not exempt from the requirements of C.G.S. § 31-76c. The issue is thus whether a voluntary payment over and above salary, which is calculated on the basis of hours worked, renders an employee an hourly employee rather than a salaried employee.
Whether payment of overtime defeats salaried/exempt status
It is well settled that an employer has the burden of proving that a particular position meets the legal requirements for exemption. Butler v. Hartford Technical Institutes, Inc., CT Page 13757243 Conn. 454, 466 (1997), citing Shell Oil Co. v. Ricciuti,147 Conn. 277, 285-86 (1960).
Sikorsky notes that there are no Connecticut cases concerning the effect of overtime compensation on the salaried status of employees. The defendant notes, however, that the federal regulation interpreting the analogous federal Fair Labor Standards Act, 29 C.F.R. § 541.118(b), indicates that payments supplemental to salary do not affect salaried status. Such federal regulations and case law interpreting analogous provisions of the federal act are approved sources of interpretation of the Connecticut Wage and Hour Law. Roto-RooterServices, Co. v. Department of Labor, 219 Conn. 520, 528
n. 8 (1991).
The plaintiff counters that the supplements to salary given as examples in the federal regulation cited by the defendant do not include supplements based on hourly calculations, but rather commissions and shift differentials. The regulation codified as 29 C.F.R. § 541.118 (a) states:
 (A)n employee will be considered paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period . . . a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of hours worked.
Section 514.118(b) provides:
 [i]t should be noted that the salary may consist of a predetermined amount constituting all or part of the employee's compensation. In other words, additional compensation besides the salary is not inconsistent with the salary basis of payment. The requirement will be met, for example by a branch manager who receives a salary of $155 or more a week and in addition a commission of 1 percent of the branch sales. The requirement will also be met by a branch manager who receives a percentage of the sales or profits of the ranch, if the employment arrangement also includes a guarantee of at least the CT Page 13758 minimum weekly salary (or the equivalent for a monthly or other period) required by the regulations. Another type of situation in which the requirement will be met is that of an employee paid on a daily or shift basis, if the employment arrangement includes a provision that the employee will receive not less than the amount specified in the regulations in any week in which the employee performs any work.
Four federal courts of appeals have ruled that payment of overtime pay to salaried employees does not alter their salaried, exempt status. In Hilbert v. District of Columbia, 23 F.3d 429,432 (D.C. Cir. 1994), the court explained that the federal regulations focus on how an employee's base pay is calculated, whether that pay is a flat stipend for a particular minimum work week or whether the calculation is by the hour, such that if the employee works fewer hours his pay will be docked. The court noted that the federal regulations, at § 541.118(b), indicate that "additional compensation besides the salary is not inconsistent with the salary basis of payment." Writing separately, Judge Karen LeCraft Henderson of the D.C. Circuit observed that the regulation specifically notes that extra
pay for working extra shifts does not defeat salaried status. Reasoning that such pay is "equivalent to extra pay for additional hours worked," she found that direct overtime pay for extra hours likewise does not negate salaried status. 23 F.3d 436. The Hilbert ruling reaches the same conclusion as the decisions in two other circuits: York v. Wichita Falls, Texas,944 F.2d 236, 242 (5th Cir. 1991) and Hartman v. ArlingtonCounty, Va., 720 F. Sup. 1227 (E.D. Va.), affirmed,903 F.2d 290 (4th Cir. 1990).
In Aaron v. City of Wichita, Kansas, 54 F.3d 652, 658 (10th Cir. 1995), a case in which it was claimed that supervisory firefighters were not salaried because they were eligible for overtime, the court of appeals said that 29 C.F.R. § 541.118 (b) "uses commissions as an example of a type of additional compensation covered by the regulation, but there is nothing in the regulation which significantly distinguishes commissions (extra compensation resulting from superior productivity while working) from overtime (extra compensation for a greater number of hours worked.)" The court found that paid overtime "is not inherently inconsistent with one's status as a salaried employee" and found that a system of paid overtime, in and of itself, did not render the employees non-exempt. 54 F.3d. at 658. CT Page 13759
For the most part, the tacit standard is whether the overall compensation of the employee is actually on the basis of compensation by the hour, or whether the overtime payment is truly a supplement for an employee whose base pay is a salary, that is, a flat amount for whatever hours are worked to perform the assigned tasks. In Thomas v. County of Fairfax, 758 F. Sup. 353
(E.D. Va. 1991), fire lieutenants were paid different amounts depending on the hours worked in each of three shift schedules. The fact that their base pay was thus actually based on actual hours worked was the reason for finding them not to be salaried and therefore not to be exempt employees, and the paid overtime was not the decisive point. In Brock v. Claridge Hotel and Casino,846 F.2d 180 (3d. Cir.), cert. denied, 488 U.S. 925 (1988), casino workers were assigned a salary figure but their actual compensation was based on hours worked and almost always exceeded the very low salary. The court found that this scheme was inconsistent both with salaried status and executive employment, since the claim of exemption in that case was that the employees were "executives." In essence, the court in that case found that the salary was not really a salary at all, since it seldom constituted the basis for the employees' compensation.
While the trial court in Banks v. City of Little Rock,708 F. Sup. 1023, 1024 (E.D. Ark. 1988) opined that "(p)ayment of a fixed amount plus additional hourly wages for extra hours is not consistent with salaried status," that court had also found that the firefighters in question were docked for absences, an indication that their base pay was calculated on the basis of hours worked, not as a salary. This case does not therefore support the conclusion that payment of overtime, in and of itself, defeats salaried status.
The plaintiff's reliance on Tift v. Professional NursingServices, Inc., 886 P.2d 1158, 1163 (Wash.App. Div. 1995), is unpersuasive. When the court in that case determined that overtime pay rendered an employee non-exempt, the Washington State legislature immediately corrected this interpretation of its statute with an amendment to the contrary. This outcome strongly suggests that the court was seen as erring in its interpretation of the state's wage and hour statute.
Courts deciding the issue in relation to awarding overtime to salaried employees at other government contractors' businesses have held that such a practice does not change the salaried status CT Page 13760 of the employees who obtain the extra pay. See Cooke v. GeneralDynamics Corp. , 993 F. Sup. 50 (D. Conn. 1997); Boykin v. Boeing,1996 WL 34334 (W.D. Wash. 1996) (not reported in F. Sup. )
The movant has demonstrated convincingly that the payment of additional compensation to salaried employees does not, in and of itself, defeat their status as salaried employees, nor require them to be classified as non-exempt for purposes of the Connecticut Wage and Hour Law.
Conclusion
Summary judgment shall enter on the claim that providing overtime pay to salaried engineers in pay grades 43 to 51 renders the plaintiff a non-exempt employee pursuant to the Connecticut Wage and Hour Law.
Because this determination eliminates the sole legal claim as to which the plaintiff was found to be a class representative, the certification of a class as to this claim is a nullity.
As the defendant has recognized at page 4, note 3 of its Memorandum in Support of Motion for Partial Summary Judgment, because no class was ever actually defined in a court order or notified of the plaintiff's claim as to the effect of overtime payments, this ruling has no preclusive effect on anyone other than the plaintiff. This ruling does not, moreover, determine the entire issue of whether the plaintiff was an exempt employee, but only that the overtime policy alone did not negate this status.
Beverly J. Hodgson Judge of the Superior Court Complex Litigation Docket